IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DALLAPE, as Independent Administrator of the Estate of LEVO DALLAPE, deceased,<br><br>   Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., d/b/a WAL-MART SUPERCENTER, GLENN MASTERSON, and CHRISTI BROWER,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 14–cv–0872–MJR–SCW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

  Defendants removed this slip-and-fall tort case from state court in August 2014. It is undisputed that Levo Dallape, who has passed away, possessed Illinois citizenship for the purposes of diversity jurisdiction, and that Wal-Mart possesses Arkansas and Delaware citizenship. Though Defendants Masterson and Brower are Illinois citizens, and their presence would typically destroy this Court's jurisdiction, Defendants raised the issue of fraudulent joinder in their notice of removal. (Under the fraudulent joinder doctrine, an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013)).

1

The administrator of Plaintiff's estate[1] substituted for the deceased pursuant to Federal Rule 25, and an Amended Complaint was filed in late October 2014. Now Defendants Brower and Masterson have moved for dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6). To survive a (12)(b)(6) motion, a complaint must allege facts that state a claim to relief that is plausible on its face. *Fuqua v. SVOX AG*, 754 F.3d 397, 400 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pled facts are taken as true. *Id.*

Plaintiff has failed to respond to the motions in timely fashion. They were filed in November 2014, and a response was due in December 2014. **SDIL–LR 7.1(c)**. In this district, failure to file a response to a motion may be, in the presiding judge's discretion, considered an admission of the merits of the motion. *Id.*

Acting within that discretion, the undersigned construes Plaintiff's failure to respond to the respective motions to dismiss (Doc. 19, Doc. 20) as an admission of their merits. Accordingly, Christi Brower's Motion to Dismiss (Doc. 19) and Glenn Masterson's Motion to Dismiss (Doc. 20) are GRANTED.

When the first Defendant appeared in the case, the undersigned indicated that a trial date and CJRA track would be withheld until the fraudulent joinder issue was settled. (Doc. 7). Now that complete diversity is established, the Court assigns CJRA Track **B** to the case. A trial date will be assigned by separate order.

IT IS SO ORDERED.
DATE: January 20, 2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT

---

[1] The legal representative of a decedent's estate is, for the purposes of the federal diversity statute, a citizen of the same state as the decedent. *Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008).